# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| KERRY KENNEDY,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN J. DABBIERE,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:20-CV-00882-AJT-MSN |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO FILE PORTIONS OF MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND <u>EXHIBIT 1 TO DECLARATION OF ALAN J. DABBIERE UNDER SEAL</u>**

    Defendant Alan J. Dabbiere, by and through counsel, pursuant to Rule 5(C) of the Civil Local Rules for the United States District Court for the Eastern District of Virginia, respectfully requests an Order sealing: (1) portions of sentences in fiver paragraphs in Defendant's Memorandum of Law in Support of Motion to Dismiss II of Plaintiff's First Amended Complaint (the "Memorandum of Law") that quote or otherwise describe the confidential terms of the December 17, 2009 Purchase Agreement between non-party Ethel S. Kennedy and Defendant (the "2009 Purchase Agreement"), and (2) the entirety of the 2009 Purchase Agreement, which is appended as Exhibit 1 to the Declaration of Alan J. Dabbiere ("Dabbiere Declaration") in support of the Motion.

## I.     ARGUMENT

**A.     Items to Be Sealed and Necessity for Sealing.**

    1.     Defendant seeks an Order permitting portions of sentences in five paragraphs in his Memorandum of Law and the entirety of Exhibit 1 to the Dabbiere Declaration to be filed under

seal. The terms of the 2009 Purchase Agreement require that the parties to that agreement maintain its terms as confidential. Accordingly, and consistent with his contract obligation, Defendant seeks this sealing order.

2.   In addition, Defendant seeks to file under seal certain portions of his Memorandum of Law and the entirety of Exhibit 1 because the confidential information contained therein implicates the privacy interests of non-party Mrs. Ethel S. Kennedy.

3.   Defendant has proposed the narrowest redactions possible and has publicly filed his redacted Memorandum of Law in accordance with Local Civil Rule 5(C). Defendant is contractually required to maintain the confidentiality of the terms of Exhibit 1. In sum, Defendant is aware of no procedure other than to request an Order permitting the sealing of portions of the Memorandum of Law and the entirety of Exhibit 1 that will allow him both (1) to abide by his contract confidentiality obligations, and (2) to respect the need for public access to court records.

4.   Defendant acknowledges that the Purchase Agreement may be offered as evidence at the trial of this matter. Accordingly, in order to narrowly tailor his request, Defendant proposes that the information remain sealed unless and until the Purchase Agreement is offered as evidence. In addition, Defendant seeks to permanently seal the purchase price set forth Exhibit 1 to the Dabbiere Declaration.

**B.   Governing Case Law**

5.   The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux,* 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny,* 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States,* 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel,* 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard,* 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton,* 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has

supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate to protect the privacy interests of third parties. *See, e.g., United States v. Smith,* 776 F.2d 1104, 1115 (3d Cir.1985) (finding that the trial court properly sealed a Bill of Particulars to protect the identities of third party individuals); *United States v. Gerena,* 869 F.2d 82, 85 (2d Cir. 1989) (finding the need to consider the privacy interests of innocent third parties that may be harmed by disclosure).

**C.     Period of Time Defendant Seeks to Have the Matter Remain Under Seal**

6.      Defendant only seeks to have portions of the Memorandum of Law and the entirety of Exhibit 1 sealed until the trial in this matter. In addition, Defendant seeks to permanently seal the purchase price set forth Exhibit 1 to the Dabbiere Declaration.

## II.     CONCLUSION

For the reasons set forth above, Defendant respectfully requests that an order be entered allowing portions of the Memorandum of Law and the entirety of Exhibit 1 to be placed under seal.

This 6th day of November, 2020.

> s/Benjamin L. Williams
> Benjamin L. Williams (VSB No. 88591)
> KILPATRICK TOWNSEND & STOCKTON LLP
> 607 14th Street, N.W., Ste. 900
> Washington, D.C. 20005
> Tel: (202) 481-9945
> Fax: (202) 618-6356
> blwilliams@kilpatricktownsend.com

Joel D. Bush, II
*Pro Hac Vice Application To Be Filed*
Joe P. Reynolds
*Pro Hac Vice Application To Be Filed*
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
jbush@kilpatricktownsend.com
jreynolds@kilpatricktownsend.com

*Counsel for Defendant Alan J. Dabbiere*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record. I further certify that a copy of the foregoing document has been served on Mrs. Ethel S. Kennedy, c/o Eleanor Zappone, Esq., Arent Fox LLP, 1050 Connecticut Avenue, N.W., Washington, D.C. 20036 in accordance with Section 15.12 of the Purchase Agreement. I also certify that a copy of the foregoing document has been served on Mrs. Ethel S. Kennedy at her last known address by overnight delivery.

This 6th day of November, 2020.

                                            s/Benjamin L. Williams
                                            Benjamin L. Williams (VSB No. 88591)

                                            *Counsel for Defendant Alan J. Dabbiere*