IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KERRY KENNEDY,**<br><br>    **Plaintiff,**<br><br>-against-<br><br>**ALAN J. DABBIERE,**<br><br>    **Defendant.** | Civil Action No. 1:20-CV-00882-AJT-MSN |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COUNT II OF PLAINTIFF'S AMENDED COMPLAINT**

  Defendant Dabbiere's motion to dismiss Count II of Plaintiff's Amended Complaint moves to dismiss a claim Plaintiff did not make. Plaintiff has not alleged that she seeks to enforce the December 2009 real estate Purchase Agreement (the "2009 Purchase Agreement") by which her mother, Mrs. Ethel Kennedy, sold Hickory Hill to Defendant Dabierre. Instead, Count II of the Amended Complaint simply asserts that the Urn in dispute is personal property and not a fixture, and seeks declaratory judgment of that simple legal question. Adjudication of rights under the 2009 Purchase Agreement is not sought and is not necessary to decide the question of whether the Urn is personal property or a fixture, an entirely separate question to be decided under Virginia common law. Plaintiff has alleged sufficient facts to demonstrate that this Court has subject matter jurisdiction to decide Count II and that declaratory judgment is proper to decide whether the Urn is personal property and not a fixture. Accordingly, Defendant's Motion to Dismiss Count II of the Amended Complaint should be denied.

1

## I. INTRODUCTION

The nature of the dispute set forth for declaratory judgment in Count II is simple and comes down to whether the Urn that currently sits in front of the Hickory Hill property is a fixture or personal property. The resolution of that simple question is dependent on the common law of Virginia with regard to fixtures versus personal property. *E.g.*, *Danville Holding Corp. v. Clement*, 178 Va. 223 (1941) (setting forth the factors the Virginia Supreme Court examines in determining whether an item constitutes a fixture or personal property). Contrary to Defendant's repeated and lengthy assertions, the 2009 Purchase Agreement has no bearing on this question.

Count II of the Amended Complaint highlights the straightforward nature of this dispute — "Defendant Dabbiere contends that the Urn is a fixture…." ¶ 46. "Ms. Kennedy contends, and has at all times asserted, that the Urn constitutes personal property, not a fixture…." ¶ 47. "An actual controversy exists between Ms. Kennedy and Defendant Dabbiere with respect to whether or not the Urn is a fixture or personal property." ¶ 48. Nowhere is the 2009 Purchase Agreement cited or relevant to the determination of the question. Courts routinely entertain claims over which party owns disputed property by declaratory judgment action. *See Barry v. Donnelly*, 781 F.2d 1040, 1040 (4th Cir. 1986) (declaratory judgment action related to ownership of a painting); *Willcox v. Stroup*, 467 F.3d 409, 410 (4th Cir. 2006) (declaratory judgment action related to ownership of historical papers). How the party came to claim his rights to the disputed property, for example by gift, inheritance, contract or otherwise, is immaterial.

Defendant attempts to obscure the simple nature of the claim set forth in Count II in a nearly thirty-page memorandum that presents four irrelevant arguments:

> 1. That because Plaintiff Kerry Kennedy was not a party to the 2009 Purchase Agreement between Mrs. Ethel Kennedy and Mr. Dabbiere, she lacks standing to assert a claim *purportedly* arising out of that transaction, thus depriving the Court of subject matter jurisdiction over Count II;

2

2. That Count II does not present a sufficiently live controversy, which also deprives the Court of subject matter jurisdiction over Count II;

3. That even if the Court has subject matter jurisdiction over Count II, the Court should decline to render a declaratory judgment because it will not settle the legal relations arising out of the (irrelevant) 2009 Purchase Agreement; and

4. That Count II should be dismissed under Rule 12(b)(7) because Mrs. Ethel Kennedy is an indispensable party because she was a party to the 2009 Purchase Agreement.

All of these arguments are based on a faulty premise — that the dispute requires the Court to interpret rights and responsibilities of the parties to the 2009 Purchase Agreement. As demonstrated below, the Court need not interpret or even look at the 2009 Purchase Agreement to determine whether the Urn is personal property or a fixture under Virginia law.

Defendant's motion to dismiss *simply rewrites Plaintiff's Amended Complaint*, asserting, for example, that "[a]t bottom, Plaintiff asks the Court to decide whether the 2009 Purchase Agreement between Defendant and Mrs. Ethel Kennedy transferred ownership of the urn to Defendant." Def.'s Mem. 12. But the Court need not address that question to decide the far simpler issue presented by Plaintiff in Count II. Plaintiff simply seeks a declaration that the Urn is personal property and not a fixture. Plaintiff's claim that the Urn constitutes personal property is a question independent of the 2009 Purchase Agreement and invokes a different body of law — the Virginia common law of personal property versus fixtures — than would be required to answer the questions Defendant's arguments about the 2009 Purchase Agreement present — the Virginia law of contracts.

## II. ARGUMENT

### A. STANDARD OF REVIEW

A court considering a motion to dismiss pursuant to Rule 12(b)(6) must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff." *McCaffrey v. Chapman*, 921 F.3d 159, 163–64 (4th Cir.), *cert. denied*, 140 S. Ct. 535 (2019)

3

(citation omitted). All inferences must be drawn in favor of the plaintiff. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020). In a declaratory judgment action, a motion to dismiss "is rarely appropriate." *Palmer v. Audi of Am., Inc.*, No. 14-03189, 2015 WL 222127, at *2 (D. Md. Jan. 13, 2015). This is true because "[t]he test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all." *Id.* (internal citation omitted); *see W. Cap. Partners, LLC v. Brookhollow, LLC*, No. CIV 206CV590, 2007 WL 1202851, at *6 (E.D. Va. Apr. 19, 2007) ("The issue in resolving … a motion [under Rule 12(b)(6)] is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his or her claims."). Nor can a defendant rewrite a plaintiff's complaint as part of his effort to seek dismissal. *See Thurmand v. Univ. of Connecticut*, No. 18-CV-1140, 2019 WL 1763202, at *6 (D. Conn. Apr. 22, 2019) ("The defendants' arguments seek to rewrite the Complaint and are without merit."); *Burrell v. City of Vallejo*, No. 19-cv-01898, 2020 WL 1532293, at *2 (E.D. Cal. Mar. 31, 2020) ("[D]efendants in effect ask the court to rewrite the complaint .... The court refuses to stretch the purposes of Rule 12(b)(6) to encompass cosmetic alterations to the operative complaint.").

Similarly, a defendant challenging subject matter jurisdiction under Rule 12(b)(1) "may contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal citation and quotation marks omitted). In considering this facial challenge to subject matter jurisdiction, the court must afford the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (internal citation and quotation marks omitted). This means that "the

facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

Finally, a court evaluating a motion to dismiss under Rule 12(b)(7) looks to whether a party is necessary and indispensable under the dictates of Rule 19. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). "A party is necessary under Rule 19(a) only if the party's presence is needed to afford complete relief to those *already parties* ... or if the nonparty claims an interest in the subject of the action and a failure to join that party would either impair or impede the [nonparty's] ability to protect that interest ... or would leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]" *S. Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co.*, 190 F.R.D. 182, 185–86 (E.D. Va. 1999) (internal citations and quotation marks omitted). Rule 19 is inapplicable when "complete relief will be afforded among those already parties." *Id.* at 186.

### B. THE COURT HAS SUBJECT MATTER JURISDICTION OVER COUNT II.

To establish that the Court has jurisdiction, the plaintiff must prove constitutional and prudential standing. To establish constitutional standing, the plaintiff need only show a concrete injury in fact that is "fairly traceable to defendant's conduct[,]" and that likely can be "redressed by a favorable ruling." *Mgmt. Ass'n for Private Photogrammetric Surveyors v. United States*, 492 F. Supp. 2d 540, 548 (E.D. Va. 2007) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992)). To establish prudential standing, the plaintiff "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Plaintiff satisfies both of these inquiries. She claims that the Urn is personal property and that she owns it, an interest that the Defendant disputes — he claims that it is a fixture and that he owns it — and which can be properly decided by this Court via a declaratory judgment. The

5

status of the Urn as personal property is wholly independent of the 2009 Purchase Agreement entered into between Mrs. Ethel Kennedy and the Defendant. It bears repeating that it is *Defendant* who asserts that the 2009 Purchase Agreement conveyed the Urn to him and thus tries to reframe this dispute around that 2009 Purchase Agreement. *See, e.g.,* Defendant's Counterclaims, Answer and Affirmative Defenses, ¶ 17, ECF 5, ("Based on the Sales Brochures, the representations by the Kennedy Broker before closing, and the purchase agreement, *Defendant understood and believed that the urn conveyed* with the Hickory Hill property.") (emphasis added).[1] Based on *his* view of the 2009 Purchase Agreement, Defendant then argues that Plaintiff cannot bring Count II of her Amended Complaint because she was a third-party to the 2009 Purchase Agreement, and as a third-party, cannot claim any legal right or interest in that Purchase Agreement. Defendant simply, and improperly, disregards Plaintiff's pleading in Count II.

Plaintiff is not challenging the 2009 Purchase Agreement, nor is she asking the Court to decide whether the 2009 Purchase Agreement transferred ownership of the Urn from Mrs. Ethel Kennedy to Defendant. Plaintiff does not contend that she acquired her rights to the Urn under the 2009 Purchase Agreement, and she is not suing for a declaration of rights under that agreement. Plaintiff's simple contention in Count II is that the Urn is a piece of personal property and not a fixture. The 2009 Purchase Agreement is wholly irrelevant to the Court's consideration of that dispute.

Defendant also contends that Count II does not satisfy the case or controversy

---

[1] Despite this averment, Defendant's Counter-Claims do not actually assert a claim under the 2009 Purchase Agreement. Instead, Defendant Dabbiere asserts in three different Counts that the June 2010 Contract, in which he *agreed* that the Urn was Plaintiff's personal property (which Plaintiff seeks to enforce in Count I of her Complaint) is voidable for alleged mutual mistake.

6

requirement, Def.'s Mem. 16-20, further depriving the Court of subject matter jurisdiction. This case or controversy requirement "focuses on whether the controversy is definite, concrete, real and substantial as opposed to simply a request for an advisory opinion involving some hypothetical, abstract, or academic question." *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 78 (E.D. Va. 1991) (internal quotation marks omitted). The dispute here is certainly definite and real.

Again, Defendant tries to recast this Plaintiff's Amended Complaint into an argument about the 2009 Purchase Agreement, stating that "Defendant and Mrs. Ethel Kennedy had, more than a decade ago, a 'substantial controversy' about the ownership of the urn 'of sufficient immediacy and reality,'" Def.'s Mem. 17, and that "Plaintiff apparently seeks to adopt Mrs. Ethel Kennedy's 2010 arguments under the 2009 Purchase Agreement as her own." *Id.*[2] But Defendant's argument again misses the mark — this is a dispute between *this* Plaintiff and *this* Defendant about the nature of the Urn and whether it constitutes personal property or a fixture. Indeed, Plaintiff's prayer for relief asks the Court to enter an Order stating that she can enter the Hickory Hill property and take immediate possession of the Urn. This is a live controversy, and exactly the type of justiciable dispute appropriate for declaratory relief.

Indeed, declaratory judgment claims asking the court to resolve exactly these types of

---

[2] Defendant cites a June 14, 2010 letter from Mrs. Ethel Kennedy's attorney to Mr. Dabbiere's attorney, ignoring the fact that it was *exactly* the dispute set forth in this letter that resulted — *two days later* — in the June 16, 2010 settlement agreement contract that Plaintiff is seeking to enforce in Count I of her Amended Complaint. In other words, the dispute Defendant alleges that Plaintiff is seeking to re-litigate is exactly the one already resolved in the June 16, 2010 Contract between Plaintiff and Defendant *that Plaintiff is suing on in this case*. The *Defendant* is the only party trying to put the 2009 Purchase Agreement at issue, by claiming that the Purchase Agreement gives him ownership rights to the Urn, without actually bringing that claim in this litigation. Mrs. Ethel Kennedy has no interest in the Urn and makes no claim to its ownership.

7

disputes regarding the ownership of property are routine. *See, e.g., In re Alterman,* 127 B.R. 356 (Bankr. E.D. Va. 1991) (resolving on complaint for declaratory judgment whether cages in veterinary hospital were personal property of debtor's estate or fixtures belonging to landlord); *NationsBank of North Carolina SA v. Cap. Assocs. Int'l, Inc.,* 916 F. Supp. 549 (W.D.NC. 1996) (declaratory judgment claim to determine whether tenant-installed equipment was personal property). The issue before this Court is not how the putative property owner, whether Ms. Kennedy or Mr. Dabbiere, came by her or his rights, but whether the Urn is personal property or a fixture. This goes to the essential purpose of the Declaratory Judgment Act — to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Firemen's Ins. Co. of Washington, D.C. v. Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779, 784 (E.D. Va. 2007) (internal citation and quotation marks omitted).

### C. THE COURT SHOULD ADDRESS COUNT II.

Defendant avers that, even if the Court has subject matter jurisdiction over Count II, the Court should decline to render a declaratory judgment because it will allegedly not settle the legal relations arising out of the 2009 Purchase Agreement.

Defendant is incorrect. Count I of the Amended Complaint asserts that the June 16, 2010 Contract between the parties is an enforceable settlement agreement contract that resolved exactly the parties' respective claims to the Urn that arose in 2009. If granted, Count I will validate Plaintiff's contention that their 2010 agreement already resolved the dispute over ownership of the Urn. But in his affirmative defenses and in his Counterclaims (which are essentially a restatement of his affirmative defenses), Defendant challenges the enforceability of the parties' June 16, 2010 Contract in which he agreed that the Urn was Ms. Kennedy's personal property. If he were to prevail on his claim (or his defenses), and have the Court declare the June 16, 2010 Contract to be unenforceable, then the parties would be back in the same position

8

they were in on June 15, 2010 — the day before the settlement agreement Contract — with Plaintiff claiming that the Urn is personal property that belongs to her and Defendant claiming that it is a fixture that conveyed to him when he bought Hickory Hill. In other words, the addition of Count II provides the opportunity for the parties to have this Court decide their dispute in a single proceeding, adjudicating as between the two parties who owns the Urn. Without Count II, the Court does not have the full dispute before it (if Count I were to fail), and, in the unlikely event the June 16, 2010 Contract is not enforceable, the parties would be forced into a second lawsuit in which the very question posed by Count II — is the Urn personal property or a fixture — would be adjudicated. The entire dispute should be addressed here and now by this Court in a single proceeding.[3]

### D. COUNT II STATES A CLAIM FOR RELIEF.

Defendant contends that relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, is not appropriate here because Plaintiff seeks an adjudication of past conduct and the Act is to be utilized in connection with future conduct. Def.'s Mem. 22–23. Once again, Defendant misstates the purpose of Count II. Plaintiff does not seek a declaration of rights arising under the 2009 Purchase Agreement. She seeks a declaration that the Urn constitutes personal property and that, as such, she is entitled to immediate possession. This is not "a thinly-veiled action for detinue" or a breach of contract claim. Def.'s Mem. 23. By pleading Count II, as a supplement to Count I, Plaintiff is putting squarely before the Court the ultimate issue between the parties, to

---

[3] Defendant's argument for dismissal of Count II on the basis of possible inconsistent rulings as to the ownership of the Urn, Def.'s Mem at 23, is unavailing. The way to prevent inconsistent rulings when multiple claimants assert rights to the same property is to have those claims all adjudicated in the same proceeding. This is exactly what Plaintiff is doing with Count II. Moreover, the specter of inconsistent rulings is unlikely here, where *Defendant has not asserted an actual claim that the Urn conveyed to him in the real estate transaction.* His counterclaim asserts only that the June 16, 2010 Contract is unenforceable.

9

have the Court adjudicate their dispute in a single proceeding — that the Urn is Plaintiff's personal property, and that, as Defendant explicitly acknowledged in the June 16, 2010 Contract "the Urn in the front of Hickory Hill will *remain* as [her] property…." (emphasis added).[4]

### III. CONCLUSION

Defendant has tried to obscure the true nature of Count II which comes down to the simple question of whether the Urn is personal property or a fixture. The 2009 Purchase Agreement — which Defendant clearly wants to litigate without ever bringing a claim himself about it — has no bearing on this question. Count II presents a clear controversy over which the Court has subject matter jurisdiction, and which the Court should address. Accordingly, Defendant's Motion to Dismiss Count II should be denied.

---

[4] The Court need not linger over the final point raised by Defendant – that Mrs. Ethel Kennedy is a necessary party for the adjudication of Count II and because she has not been joined, Count II must be dismissed. Def.'s Mem. 24–28. As shown above, Mrs. Kennedy's presence is not needed in this case to adjudicate whether the Urn is personal property or a fixture. Moreover, to the extent that Defendant contends that the 2009 Purchase Agreement is relevant to the parties' dispute, it can be admitted into evidence without authentication by Mrs. Kennedy. The 2009 Purchase Agreement has an integration clause that would render any evidence regarding the *pre*-2009 Purchase Agreement communications to which Mrs. Kennedy was a party irrelevant.

November 20, 2020                                   Respectfully submitted,


                                                    /s/ Barbara S. Wahl
                                                    Barbara S. Wahl, VA. Bar No. 24647
                                                    **Arent Fox LLP**
                                                    1717 K Street, N.W.
                                                    Washington, DC 20006-5344
                                                    202.857.6000 – Telephone
                                                    202.857.6395 – Facsimile
                                                    Barbara.Wahl@arentfox.com

                                                    Of Counsel:
                                                    Donald B. Mitchell, Jr.
                                                    Laurel LaMontagne
                                                    **Arent Fox LLP**
                                                    1717 K Street, N.W.
                                                    Washington, DC 20006-5344
                                                    202.857.6000 – Telephone
                                                    202.857.6395 – Facsimile
                                                    Donald.Mitchell@arentfox.com

                                                    *Attorneys for Plaintiff Kerry Kennedy*

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, I caused to be filed a true and accurate copy of the foregoing through the Court's CM/ECF filing system which will then be sent to all counsel of record.

    */s/ Barbara S. Wahl*
Barbara S. Wahl, VA. Bar No. 24647
**Arent Fox LLP**
1717 K Street, N.W.
Washington, DC 20006-5344
202.857.6000 – Telephone
202.857.6395 – Facsimile
Barbara.Wahl@arentfox.com

***Attorneys for Plaintiff Kerry Kennedy***